IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40265
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSÉ A. FUENTES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-97-CR-19-1
--------------------
October 17, 2000

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

    José A. Fuentes appeals his conviction on charges of
conspiracy to possess with intent to distribute cocaine and
conspiracy to import cocaine into the United States.  Fuentes's
sole argument on appeal is that the district court committed
reversible error when it excluded a radio advertisement receipt
that corroborated Fuentes's testimony that his purpose for
traveling to Texas and Mexico was to search for his brother and
not to purchase cocaine.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review a district court's evidentiary rulings for abuse of discretion.  See United States v. Sharpe, 193 F.3d 852, 867 (5th Cir. 1999), cert. denied, 120 S. Ct. 1202 (2000).  If the district court abused its discretion, we look to determine whether the error was harmless or whether it is reversible because it affects the substantial rights of a party.  See United States v. Humphrey, 104 F.3d 65, 70 (5th Cir. 1997); FED. R. EVID. 103(a).  An error affects a defendant's substantial rights if it "had substantial and injurious effect or influence in determining the jury's verdict."  United State v. Mann, 161 F.3d 840, 865 (5th Cir. 1998) (internal quotation marks and citation omitted), cert. denied, 526 U.S. 1117 (1999).

Even if the exclusion of the receipt was in error, a question we do not answer here, its exclusion was harmless. There was significant testimony from several witnesses, including the Government's main witness, Eduardo Quintanilla, that Fuentes went to Texas and Mexico to look for his brother.  The receipt was merely cumulative of that testimony and is unlikely to have had any effect, much less a substantial and injurious one, on the jury's conclusion that Fuentes made the trip to purchase cocaine. Given the cumulative nature of the receipt, its exclusion was harmless.  See United States v. Ramirez, 174 F.3d 584, 589-90 (5th Cir. 1999).  The judgment of the district court is AFFIRMED.